UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALLEN S. HERSCHAFT,

                Plaintiff,

            v.                                          **MEMORANDUM AND ORDER**
                                                           18-CV-4770 (WFK)

NEW YORK CITY POLICE DEPARTMENT;
F.B.I.; DEPARTMENT OF HOMELAND SECURITY;
U.S. SUPREME COURT; EASTERN FEDERAL
DISTRICT COURT; SOUTHERN FEDERAL
DISTRICT COURT; 2ND CIRCUIT COURT OF
APPEALS EN BANC; CHIEF JUSTICE JOHNNY
WALKER of the Second Circuit; NY CITY BOARD OF
ELECTIONS; NY STATE BOARD OF ELECTIONS; NY
CITY COUNCIL LEGAL DIVISION; NY CITY
COUNCIL; NY CITY CAMPAIGN FINANCE BOARD;
VARIOUS LAWYERS AT THE CORPORATION
COUNSEL OF NY CITY; MANHATTAN SUPREME
COURT; BROOKLYN SUPREME COURT; ANTHONY
WEINER, Former NY Congressman; U.S. SENATOR
CHUCK SCHUMER; GOVERNOR ANDREW CUOMO;
and MAYOR BILL DeBLASIO,

                Defendants.
-----------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Allen S. Herschaft ("Plaintiff") filed this *pro se* complaint on August 21, 2018. On September 6, 2018, Plaintiff filed a document in support of his complaint titled "Memorandum of Law." The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court further stated that "a court is not bound . . . to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id.* (citation omitted).

## DISCUSSION

Plaintiff alleges he is under surveillance and "[t]his court will have to make a determination for how long Plaintiff was under surveillance and or on the terrorist watch list, determine how that determination was made that Plaintiff be put under surveillance and on the terrorist watch list and whether it was legal." Compl. at 3, ECF No 1. In his Memorandum of Law, Plaintiff states:

> at or about last year, on the Charlie Rose program interview on Bloomberg television, of a homeland security head or former head at the defense dept., one of these leaders claimed that I was an inveterate terrorist who had been heard on surveillance telling his girlfriend, bragging to his girlfriend that Ben Bernacke at the time the head of the Federal Reserve, needed to take anti-anxiety medication to deal with, cope with, his public speaking difficulties. And it was for this reason that I have brought suit against defendants figuring that I was being subjected to surveillance and or being put on the terrorist watchlist, needlessly, unlawfully, and unnecessarily.

Memorandum of Law at 4, ECF No. 4. Plaintiff further states in his complaint:

> US Senator Chuck Schumer had once served as plaintiff's state assemblyman back in the 1970's. My mother knew him personally possibly my father too. Schumer for many years gave speeches in the [C]atskills mountains in upstate ny which members of my family often attended given possibly by the UJA federation at their annual meetings held during the summer. Whether defendant Schumer breached a duty to inform plaintiff or members of plaintiff's family that plaintiff was on the terrorist watchlist for the US and or breached any duty he had to plaintiff by not ever mentioning formally to plaintiff that he was under police surveillance at that current point of time.

Compl. at 4.

Plaintiff's complaint and Memorandum of Law do not present any cognizable claims against any defendant. Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), can only be described as frivolous and "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional." (quotation marks and citation omitted)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *Khalil v. United States*, 17-CV-5458, 2018 WL 443343, at *3 (E.D.N.Y. Jan. 12,

2018) (Bianco, J.); *Bussie v. IRS Commissioner*, 16-CV-7006, 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017) (Brodie, J.). Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action must be dismissed without leave to replead. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2018
       Brooklyn, New York